Quyen Kiet (182399)
Jonathan Cothran (259210)
KIET COTHRAN & ZIRILLO, APC
1748 W. Katella Ave., Ste. 112
Orange, California 92867
(714) 974.5600 (telephone)
(714) 221.0890 (facsimile)
office@kczlaw.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 North Tatum Boulevard, Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Leonard Medina, on his own behalf, and behalf of all others similarly situated*

FILED
2011 DEC 21 PM 3:58
CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES
BY

**IN THE UNITED STATES DISTRICT COURT FOR CENTRAL DISTRICT OF CALIFORNIA**

LEONARD MEDINA, an individual, on his own behalf and on behalf of all others similarly situated,

Plaintiff,

v.

EQUABLE ASCENT FINANCIAL, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,

Defendants.

**CLASS ACTION COMPLAINT; JURY DEMAND; LOCAL RULE 7.1-1 CERTIFICATION**

CV11-10579 SJO (MRWx)

BY FAX

Plaintiff Leonard Medina ("Medina" or "Plaintiff"), by his attorneys, makes this complaint against Defendants Equable Ascent Financial, LLC ("EAF") and Does 1 to 100. Medina's allegations are based on information and belief, except to his own actions, which are based on knowledge. Medina's information and belief are based on the investigation of his counsel, and facts that are a matter of public record.

**Introduction**

1. EAF is a debt collector. In its regular course of business, EAF purchases alleged debts from third parties, reports such alleged debts to credit

reporting agencies (including TransUnion, Experian, and Equifax) ("CRAs"), and files lawsuits against consumers in order to obtain judgments. However, when consumers dispute that their liability on such alleged debts with EAF, EAF continues to report the alleged debts to CRAs without noting that the alleged debt has been disputed by the consumer. This conduct violates section 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act which prohibits, e.g., "the failure to communicate that a disputed debt is disputed."

2. Medina brings a class action against EAF on behalf of a class of consumers who have disputed alleged debts which EAF has sought to collect which alleged debts EAF nonetheless reported to a CRA without noting that the alleged debt was disputed. Medina seeks remedies including declaratory and injunctive relief, statutory damages, and attorneys' fees for himself and the other members of the class, under 15 U.S.C. § 1692k.

**Parties**

3. Plaintiff Leonard Medina is a natural person residing in Norwalk, California.

4. Defendant EAF Financial Services, LLC ("EAF") is a Delaware limited liability company which lists its address with the California Secretary of State as 1120 West Lake Cook Road, Suite B, Buffalo Grove, Illinois 60089. EAF uses the instrumentalities of interstate commerce and the mails for the principal purpose of collection of alleged debts which are primarily for personal, family, or household purposes. EAF regularly collects or attempts to collect, directly or indirectly, alleged debts owed or due or asserted to be owed or due another. EAF is debt collector under the definition of 15 U.S.C. § 1692a(6).

5. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this

complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff. Doe Defendants may include the officers, directors, members, and/or managers of EAF.

6. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

7. All Defendants, including Does 1 through 100, are collectively referred to as "Defendants."

8. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

## Jurisdiction and Venue

9. Medina asserts federal claims under the FDCPA. This Court has subject matter jurisdiction over those claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

10. This Court has personal jurisdiction over the Defendants under Cal. Code Civ. Proc. § 410.10 because, *inter alia*, Defendants' liability arose in Los Angeles county.

11. Venue is also proper before this Court under 28 U.S.C. § 1391(a)(2), (c).

**Medina's Individual Allegations**

12. EAF has sought to collect an alleged debt ("Disputed Account") from Medina. (EAF asserts that the original creditor of this alleged debt, WAMU Chase 16 , assigned the alleged debt to EAF.) Medina does not recognize and/or recollect the Disputed Account and disputes it.

13. In or about January 2011, Medina sent a letter to EAF's agent and attorney stating that the Disputed Account was disputed. On receipt of the letter, EAF knew or should have known that Medina disputes the Disputed Account.

14. EAF filed a complaint ("Complaint") against Medina in the Superior Court of California for the County of Los Angeles on March 18, 2011 alleging breach of contract and account stated arising from the Disputed Account. Medina served his answer to the Complaint ("Answer") on April 12, 2011.

15. Medina has examined recent copies of his credit reports. These copies indicate that EAF reported the Disputed Account to Experian, Equifax, and TransUnion in April 2011. These copies show the Disputed Account, but do not show that EAF reported the Account as disputed. Under 15 U.S.C. § 1681c(f), if EAF had reported that Medina disputed the False Debt to the CRAs, they would have included that information in their credit reports. When EAF reported the Disputed Account, it failed to note that Medina had disputed the Disputed Account.

**Class Certification Allegations**

16. **Class Definitions:** Medina brings this Complaint against EAF, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and the class of

> all natural persons identified in EAF's records or the records of EAF's agents and attorneys as disputing any debt alleged by EAF, and which such alleged debt EAF has reported to one or more CRAs but failed to

report as disputed (the "Class").

Members of the Class may be notified of the pendency of this action by email, mail, and/or supplemented (if deemed necessary or appropriate by the Court) by published notice. Members of the Class can be readily identified by cross-referencing the records of EAF and its agents or attorneys. Medina reserves the right to revise the definition of the Class based on facts learned during discovery. Medina is a member of the Class that he seeks to represent.

17. **Class Numerosity:** The exact number of the Class is unknown and is not available to Medina at this time, but such information is readily ascertainable by Defendants. Based on the size of the Defendants and the automated nature of credit reporting, Medina believes that the Class numbers at least forty members. Therefore, individual joinder of all members of the class is likely to be impracticable.

18. **Class Commonality:** Common questions of fact and law exist as to all Class members and predominate over the questions affecting only individual Class members. Identification of the individuals who qualify as a Class member will be sufficient to establish liability to the Class member.

19. **Class Typicality:** Medina's claims are typical of the claims of the other members of the Class. Medina is not different in any relevant way from any other Class member, and the relief he seeks is common to the Class.

20. **Adequate Representation:** Medina will fairly and adequately represent and protect the interests of the other Class members: his interests do not conflict with the interests of the Class members he seeks to represent. Medina has retained counsel competent and experienced in complex class actions, and he intends to prosecute this action vigorously.

21. **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since

joinder of all members is impracticable. The damages suffered by each individual Class member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for the Class members individually to obtain effective relief from Defendants' misconduct. Even if the Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

22. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Defendants' policies challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

## FIRST CAUSE OF ACTION
## (Violation of the FDCPA, 15 U.S.C. § 1692e(8))
## (By Plaintiff and the Class against EAF)

23. Medina incorporates by reference and realleges all paragraphs previously alleged herein.

24. EAF is debt collector under the definition of 15 U.S.C. § 1692a(6). It seeks to collect alleged obligations to pay money which arise out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes from Medina and the other Class members. These obligations are "debts" under the definition of

15 U.S.C. § 1692a(5).

25. Medina and the other Class members have disputed that they are liable for or owe the debts alleged by EAF, either through correspondence to EAF and/or its agents or attorneys, through the CRAs' dispute resolution process, or through filing an answer to a complaint by EAF. EAF knows or should know that Medina and the other Class members dispute the debts alleged by EAF.

26. EAF reports the debts alleged above in the course of attempting to collect such alleged debts as tradelines to the CRAs. EAF reports these tradelines but fails to report that those alleged debts are disputed. This conduct violates 15 U.S.C. § 1692e(8) which prohibits, i.e., "the failure to communicate that a disputed debt is disputed."

27. Medina and the other members of the respective Classes have suffered actual injury as a result of the Defendants' violation of 15 U.S.C. § 1692e(8). These injuries may include one or more of the following: declined and reduced credit, forced purchase of credit reports and credit monitoring, postage and private courier costs, mileage, long-distance telephone charges, lost cell phone airtime, emotional distress, increased credit costs, and amounts paid to settle fraudulent debts.

28. Medina and the other members of the Classes seek to recover statutory damages, in an amount to be determined at trial, and the costs of the action (including attorneys' fees) under 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff Leonard Medina prays that the Court enter judgment and orders in his favor and against Equitable Ascent Financial, LLC and Does 1 to 100 as follows:

a. An order certifying the Class, directing that this case proceed as a class action, and appointing Medina and his counsel to represent the Class;

b. Judgment against EAF, and in favor of Medina and the other Class members for statutory damages as provided by 15 U.S.C. § 1692k(a);

c. An order granting costs and attorneys' fees; and

d. Such other and further relief as this Court may deem appropriate.

Dated: December 21, 2011 By: ______________________

Quyen Kiet (182399)
Jonathan Cothran (259210)
KIET COTHRAN & ZIRILLO, APC
1748 W. Katella Ave., Ste. 112
Orange, California 92867
(714) 974.5600 (telephone)
(714) 221.0890 (facsimile)
office@kczlaw.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Leonard Medina, on his own behalf, and behalf of all others similarly situated*

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: December 21, 2011 By: ______________________

Quyen Kiet (182[illegible]9)
Jonathan Cothran (259210)
KIET COTHRAN & ZIRILLO, APC
1748 W. Katella Ave., Ste. 112
Orange, California 92867
(714) 974.5600 (telephone)
(714) 221.0890 (facsimile)
office@kczlaw.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Leonard Medina, on his own behalf, and behalf of all others similarly situated*

# LOCAL RULE 7.1-1 CERTIFICATION

The undersigned, counsel of record for Plaintiff Leonard Medina, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

1. Leonard Medina
2. Equitable Ascent Financial, LLC
3. WAMU Chase 16

Dated: December 21, 2011 By: ______________________

Quyen Kiet (182399)
Jonathan Cothran (259210)
KIET COTHRAN & ZIRILLO, APC
1748 W. Katella Ave., Ste. 112
Orange, California 92867
(714) 974.5600 (telephone)
(714) 221.0890 (facsimile)
office@kczlaw.com

Ethan Preston (263295)
PRESTON LAW OFFICES
21001 N. Tatum Blvd., Suite 1630-430
Phoenix, Arizona 85050
(480) 269-9540 (telephone)
(866) 509-1197 (facsimile)
ep@eplaw.us

*Attorneys for Plaintiff Leonard Medina, on his own behalf, and behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

**CV11- 10579 SJO (MRWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[_] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[_] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Leonard Medina, an individual, on his own behalf and on behalf of all others similarly situated

**DEFENDANTS**
Equable Ascent Financial, LLC and Does 1 to 100

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Ethan Preston (263295), PRESTON LAW OFFICES, 21001 North Tatum Boulevard, Suite 1630-430, Phoenix, Arizona 85050, (480) 269-9540 (telephone), (866) 509-1197 (facsimile), ep@eplaw.us

Attorneys (If Known)

BY FAX

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only** (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of 15 U.S.C. § 1692e(8). Plaintiff asserts a cause of action under 15 U.S.C. § 1692k.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☑ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV11 10579

**FOR OFFICE USE ONLY:** Case Number: ________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Illinois |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** December 21, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |