TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendant
Equable Ascent Financial, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LEONARD MEDINA, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EQUABLE ASCENT FINANCIAL, LLC, a Delaware limited liability company, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 2:11-CV-10579-SJO-MRW<br><br>**ANSWER TO COMPLAINT** |


Defendant EQUABLE ASCENT FINANCIAL, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff LEONARD MEDINA ("Plaintiff"):

1.  In answering Paragraph 1 of the Complaint, Defendant admits that it has, at times, purchased debts from third parties, and that it has, at times, furnished information about those debts to consumer reporting agencies, and that, at times, lawsuits have been filed on its behalf which seek to collect those unpaid obligations. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.  Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, denies the allegations of this paragraph, and further denies that Plaintiff is entitled to seek any of the relief requested by this paragraph.

3.  In answering Paragraph 3 of the Complaint, Defendant admits on information and belief that Plaintiff is a natural person residing in Norwalk, California.

4.  In answering Paragraph 4 of the Complaint, Defendant admits it is a Delaware limited liability company with an address of 1120 West Lake Cook Road, Suite B, Buffalo Grove, Illinois 60089.  Defendant admits on information and belief that it may have, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.  In answering Paragraph 5 of the Complaint, Defendant avers that no response is required of it.

6.  Denied.

7.  In answering Paragraph 7 of the Complaint, Defendant avers that no response is required of it.

8.  In answering Paragraph 8 of the Complaint, Defendant avers that no response is required of it.

9.     In answering Paragraph 9 of the Complaint, Defendant admits that Plaintiff asserts purported FDCPA claims and that Plaintiff alleges that subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10.    In answering Paragraph 10 of the Complaint, Defendant admits that Plaintiff alleges personal jurisdiction is established.  Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11.    In answering Paragraph 11 of the Complaint, Defendant admits that Plaintiff alleges venue is proper pursuant to 28 U.S.C. § 1391(a)(2).  Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12.    In answering Paragraph 12 of the Complaint, Defendant admits that Defendant's records indicate Medina incurred a financial obligation to Washington Mutual, which was subsequently acquired by Chase.  Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.    In answering Paragraph 13 of the Complaint, Defendant admits on information and belief that a letter was sent to counsel for Defendant concerning the debt.  Defendant denies that it was notified of the letter or that it received a copy.

14.    In answering Paragraph 14 of the Complaint, Defendant admits that Defendant filed a complaint against Medina in the Superior Court of California for the County of Los Angeles on March 18, 2011.  Defendant alleges upon information and belief that Plaintiff filed his answer on April 22, 2011.  Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15.    In answering Paragraph 15 of the Complaint, Defendant lacks knowledge sufficient to form a belief as to the allegations made therein, and on that basis, denies them.

16.    Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that

Plaintiff is entitled to any relief requested and all allegations of Paragraph 16 of the Complaint.

17. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 17 of the Complaint.

18. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 18 of the Complaint.

19. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 19 of the Complaint.

20. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 20 of the Complaint.

21. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 21 of the Complaint.

22. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff is entitled to any relief requested and all allegations of Paragraph 22 of the Complaint.

23. Defendant incorporates by reference paragraphs 1 through 22 above as if fully stated herein.

24. In answering Paragraph 24 of the Complaint, Defendant admits on information and belief that it may have, at times, acted as a "debt collector" under the definition of 15 U.S.C. § 1692a(6). Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation at issue – or any financial obligation of the purported members of the class – was incurred primarily for personal, family or household purposes. Defendant can neither admit nor deny whether Plaintiff's financial obligation, or any other financial obligation of the members of the purported class, would qualify as a "debt" as defined by 15 U.S.C. § 1692a(5). Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25. In answering Paragraph 25 of the Complaint, Defendant admits that Medina alleges he disputed the debt. Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26. In answering Paragraph 26 of the Complaint, Defendant admits that it has, at times, furnished information concerning accounts to the consumer reporting agencies. Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27. Defendant denies that there is any legitimate basis under Rule 23 of the Federal Rules of Civil Procedure to certify a class in this case, and denies that Plaintiff or other members of the purported class are entitled to any relief requested and all allegations of Paragraph 27 of the Complaint.

28. In answering Paragraph 28 of the Complaint, Defendant avers that no response is required of it.

## **AFFIRMATIVE DEFENSES**

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

### SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the financial obligation at issue.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### NINTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TENTH AFFIRMATIVE DEFENSE
### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information

and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

### ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

### TWELFTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has not suffered any injury in fact as a result of Defendant's alleged conduct and therefore lacks standing to sue.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Materiality)

Defendant has not made any materially false or misleading statement in connection with any attempt to collect a debt.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | DATED: January 23, 2012 | SIMMONDS & NARITA LLP<br>TOMIO B. NARITA<br>LINDSEY A. MORGAN |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | By:  /Tomio B. Narita<br>      Tomio B. Narita<br>      Attorneys for Defendant<br>      Equable Ascent Financial, LLC |
| 6 | | |